**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

**Case No.: 09-21625-CIV-KING/BANDSTRA**

**LINDA C. GRAF,**

   Plaintiff,

v.

**LAURA M. FABAR & ASSOCIATES, LLP**
and **LAURA M. FABAR**

   Defendants.

_____/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**
**TO PREVENT ISSUANCE OF THIRD-PARTY SUBPOENA ON YAHOO.COM**

Pursuant to Rule 26(c), Plaintiff, Linda C. Graf, hereby files her Motion for a Protective

Order to Prevent the Issuance of a Third-Party Subpoena on Yahoo.com.

1.  This is a routine overtime lawsuit pursuant to the Fair Labor Standards Act.  The only

    issue in this case is whether Plaintiff, the Defendants' legal secretary, was exempt from

    the FLSA's overtime provisions.

2.  On or about September 20, 2009, the Defendants indicated their intent to issue a third-

    party subpoena on Yahoo.com to produce every single email on the Plaintiff's personal

    email address.  The Defendants did not issue their employees email addresses, and they

    required Plaintiff to use her personal and private email address.  (Any unfortunate

    consequence  of the Defendants' failure to issue official company email should be born

    by the Defendants).

3.  Plaintiff indicated to the Defendants that any such subpoena would be overbroad and

    harassing, and responsive documents would invariably include attorney-client privileged

SARELSON LAW FIRM, P.A., 1401 Brickell Avenue, Suite 510, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.sarelson.com

emails and emails between Plaintiff and her husband (and thus also privileged). Moreover, dozens, if not hundreds, of innocent third-parties who have communicated with Plaintiff about any number of issues will also have their privacy rights impacted.

4.  Defendants have not served a request for production to first seek relevant emails from the Plaintiff herself.  Many work emails would have been sent to the Defendant, Linda Fabar, or other employees of the Defendant (and thus are already in the Defendants' possession, custody or control).  But the Defendants quite obviously have emails sent to her or received by her from Plaintiff.  Defendants can also seek relevant emails from its other employees.  For some reason, the Defendants have refused to take discovery in the normal course, and have instead opted to seek and review hundreds, and likely thousands, of completely irrelevant and personal emails.

5.  The existence of email as a means of communication does not somehow mean that all persons subject all of their emails to disclosure merely by virtue of a lawsuit.  Put another way, a party cannot simply seek all items received or sent through the U.S. Mail by an opposing party.  Discovery has it limits and Defendants have grossly surpassed the bounds of permissible and relevant discovery.

6.  Pursuant to Local Rule 7.1.A.3, Plaintiff indicated that any such subpoena would violate the attorney-client privilege, among others, and would be most inappropriate.  Defendants indicated that they were going to issue the subpoena anyway.

7.  If the Defendants receive attorney-client privileged emails, Plaintiff would necessarily be forced to seek disqualification as the only appropriate remedy.  Once Defendants' receive privileged emails, the cat it completely and irreversibly out of the proverbial bag.

### *Memorandum of Law*

Pursuant to Rule 26(c), district courts are vested with broad authority to limit and control discovery.  *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"); *see generally Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635 (S.D. Fla. 2005) (entering protective order and noting that the court may prevent or limit discovery upon good cause).

Preventing the disclosure of otherwise privileged documents is of paramount importance. Courts use their discretion to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *See Gratton v. Great American Communications,* 178 F.3d 1373, 1374-1375 (11th Cir.1999).  This is especially true here where the Defendants know that any response by Yahoo.com to the third-party subpoena will invariably include attorney-client privileged documents.  *See, e.g., West Peninsula Title Co. v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fla. 1990) (entering protective order where subpoena would have necessarily infringed on the attorney-client privilege).

Moreover, correspondence between or among Graf and other friends, family and colleagues implicates the constitutional privacy rights of *those individuals*.  *See Rasmussen v. South Florida Blood Service, Inc.,* 500 So. 2d. 533 (Fla. 1987) (quashing third-party subpoena on blood bank because it would infringe upon the privacy rights of individual donors); *Age Institute of Florida, Inc. v. McGriff*, 884 So. 2d 512 (Fla. 2d DCA 2004) (same with different facts).

There are easier and more proper ways for the Defendants to seek relevant documents, but they have instead chosen to issue a third-party subpoena to an e-mail service provider rather

than first serve a simple request for production of documents or first review documents that it

already has in its possession, custody or control.[1]

### *Conclusion*

For the reasons stated above, Plaintiff respectfully requests this Court enter an Order

prohibiting the Defendants from issuing a third-party subpoena on Yahoo.com.

Respectfully submitted,

/s/ Matthew Sarelson

Matthew Seth. Sarelson, Esq.
Fla. Bar No. 888281
**SARELSON LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com

---

[1]   Plaintiff reiterates that this is an FLSA lawsuit. Plaintiff is aware that FLSA actions are not the most favored lawsuits in this jurisdiction because they all-too-often become driven by attorneys' fees and costs. Plaintiff is seeking to minimize the attorneys' fees and costs in this matter, but the issuance of the third-party subpoena (including any subsequent disagreements over responsive documents) will only needlessly increase expenses for both parties.

*Certificate of Service*

I HEREBY CERTIFY that on September 29, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew S. Sarelson
Matthew Seth Sarelson, Esq.

**Service List**
**Case No.: 09-21625-CIV-KING/BANDSTRA**

Angel Castillo, Jr., Esq.
**JACKSON LEWIS LLP**
One Biscayne Tower, Suite 3500
2 South Biscayne Blvd.
Miami, FL 33131 USA
Direct Line: (305) 577-7602
Fax: (305) 373-4466
Toll-Free Fax: (866) 454-9614
CastilloA@jacksonlewis.com
Counsel for Defendants

Matthew Seth. Sarelson, Esq.
Fla. Bar No. 888281
**SARELSON LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com
Counsel for Plaintiff